**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN (JACKSON)  DIVISION**

**JOSEPH WILSON**                                                         **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO.  3:13CV663 HTW-LRA**

**JAMES HOLMAN**                                                       **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Joseph Wilson filed a petition for writ of habeas corpus relief on

October 23, 2013.  Respondents filed a motion to dismiss asserting that the petition is

barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective

Death Penalty Act of 1996.  The Court recommends that the motion be granted for the

reasons that follow.

Wilson was convicted of sexual battery in the First Judicial District of the Circuit

Court of Hinds County, and sentenced to 30 years in the custody of the Mississippi

Department of Corrections on July 30, 2009.  The Mississippi Court of Appeals affirmed

his conviction and sentence on April 26, 2011, in *Wilson v. State*, 72 So.3d 1145 (Miss.

Ct. App.  2011) *reh'g denied*, August 30, 2011, *cert. denied*, October 27, 2011.  Wilson

did not petition the United States Supreme Court for a writ of certiorari.  He signed an

"Application for Leave to File a Motion for Post-Conviction Relief" on October 15, 2012,

which was stamped "filed" in the Mississippi Supreme Court on October 25, 2012.  The

motion was subsequently denied 31 days later, on November 15, 2012.  On October 7,

2013, Wilson signed a second motion for post-conviction relief, which was stamped

"filed" on October 10, 2013, and denied by the Mississippi Supreme Court on October

28, 2013.  Wilson signed the instant petition in "July 2013," and the petition was stamped

as "filed" in this Court on October 23, 2013.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year

statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C.

§ 2244(d)(1).  AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-

(D) apply, a federal habeas petition must be filed within one year of the final judgment of

---

[1]ECF No. 5-1– 5-6.  Wilson failed to indicate the complete date when signing the petition.  However, as further set forth herein, even if the Court were to assume his petition was filed on July 1, 2013, it would not render the petition timely.

the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Wilson's conviction became final on January 25, 2012, 90 days after the Mississippi Supreme Court denied certiorari review on October 27, 2011. Because the time period during which Petitioner could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period permitted for seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (state court judgment becomes final for AEDPA purposes when the time to file a petition for writ of certiorari with the Supreme Court has expired, i.e., 90 days after the judgment is entered). Thus, to toll the statute of limitations, Wilson was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before January 25, 2013. Because his first application for leave to seek post-conviction relief

was filed before the statute of limitations expired, he is entitled to statutory tolling for the pendency of that application, from October 25, 2012, through November 15, 2012, for a total of 31 days.  His habeas petition was therefore due in this court on February 26, 2013. Absent additional statutory or equitable tolling, his federal habeas petition filed in " July 2013," is untimely.  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

Although Wilson cites the United States Supreme Court's decision in *Bullcoming v. New Mexico*, 564 U.S. --- 131 S.Ct. 2705, 180 L.3d.2d 610 (2011) as an "intervening decision" in his petition, *Bullcoming* did not announce a newly-recognized constitutional right made retroactively to cases on collateral review to trigger the application of 28 U.S.C. § 2244 (d)(1)(C).  *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"); *Brown v. Outlaw*, No. 1:13CV214,  2014 WL 347711 (S.D. Miss. Jan. 31, 2014).  *Bullcoming* held that when the State introduces a forensic laboratory report to serve as evidence in a criminal proceeding, an accused has the Sixth Amendment right to be confronted with the actual analyst, who performs the forensic testing, "unless that analyst is unavailable at trial, and the accused had an opportunity, pretrial to cross-examine" him.  564 U.S., at —, 131 S.Ct., at 2710.  Wilson argues that *Bullcoming* is applicable because the DNA analyst who performed the semen analysis linking him to the

sexual assault did not testify at trial even though he was presumably available.

However, the Supreme Court has made clear that *Bullcoming* is consistent with its "modern Confrontation Clause doctrine" beginning with *Crawford v. Washington*, 541 U.S. 36 (2004) (holding that the "prosecution may not admit 'testimonial statements of a witness who [does] not appear at trial unless he [is] unavailable to testify, and the defendant . . . had a prior opportunity for cross-examination.'") *Williams v. Illinois*, --- U.S. ----, 132 S.Ct. 2221, 2265, 183 L.Ed.2d 89 (2012) (quoting *Crawford*, 541 U.S., at 53–54). In *Melendez–Diaz v. Massachusetts*, 557 U.S. 305 (2009), well before the conviction became final in this case, the Court declined to create a "forensic evidence" exception to *Crawford*, "holding that a forensic laboratory report, created specifically to serve as evidence in a criminal proceeding, ranked as "testimonial" for Confrontation Clause purposes." *Bullcoming*, 131 S.Ct. at 2707 (citing *Melendez–Diaz*, 557 U.S. at 328). Further, "[a]bsent stipulation, the Court ruled, the prosecution may not introduce such a report without offering a live witness competent to testify to the truth of the report's statements." *Id.* Thus, relative to Petitioner's claims, even if *Bullcoming* announced a newly recognized constitutional right altering the calculation of AEDPA's statute of limitations, it would not be applicable here. The record indicates that the parties stipulated at trial that "Wilson is the biological father of Hughes and that the sperm found inside of Hughes was from Wilson." *Wilson*, 72 So.3d at 1149.

None of AEDPA's other statutory exceptions are applicable.  Wilson has also failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations.  *Holland*, 130 S.Ct. at 2562.  In the absence of any evidence warranting statutory or equitable tolling, Wilson's habeas petition is barred by the statute of limitations, and should be dismissed with prejudice.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 4th day of April 2014.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE